IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| FRANCISCO J. RODRIGUEZ | § § | |
| V. | § § | CIVIL ACTION NO. 7:23-CV-00289 |
| STATE FARM LLOYDS, INC. | § § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FRANCISCO J. RODRIGUEZ, Plaintiff in the above styled and numbered cause, and files this First Amended Complaint showing the Court as follows:

**PARTIES**

1. Plaintiff, FRANCISCO J. RODRIGUEZ, is an individual residing in Hidalgo County, Texas.

2. Defendant, STATE FARM LLOYDS, INC., a Texas corporation, has already made an appearance in this case.

**JURISDICTION**

3. Plaintiff's position is that this Court lacks subject matter jurisdiction over this case. Defendant removed this case from the Hidalgo County Court at Law No. 2 asserting diversity jurisdiction under 28 U.S.C. § 1332. However, Plaintiff is a Texas resident, and Defendant is incorporated in Texas. Accordingly, the Court does not have diversity jurisdiction and this case should be remanded.

**VENUE**

4.      Should this Court agree with Defendant that subject matter jurisdiction is proper, then venue would be proper in this district and division under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

**FACTS**

5.      Plaintiff obtained and paid for a policy of property damage insurance from Defendant to cover losses sustained between September 2019 and September 2020. The insurance policy covered Plaintiff's property located at 1111 W. Nolana Ave., McAllen, Texas 78504 ("the Covered Property").

6.      On July 25, 2020, Plaintiff sustained damage from a windstorm commonly known as Hurricane Hanna. Plaintiff submitted a claim under his insurance policy with Defendant to cover the damage—Claim No. 53-09M3-99Z. State Farm inspected the Covered Property on August 3, 2020, and issued a payment of $28,412.66 on August 5, 2020.

7.      On September 18, 2020, Plaintiff submitted a written demand for appraisal pursuant to the insurance policy, and appointed Billy Liles as his appraiser. On October 1, 2020, Defendant submitted a letter to Plaintiff objecting to Billy Liles as Plaintiff's appraiser, stating that Billy Liles was disqualified as a "competent and impartial appraiser" because he had already inspected the damage. The policy had no language supporting Defendant's objection, and ultimately was a misrepresentation of the policy.

8.      Defendant was required under the policy to notify Plaintiff of Defendant's designated appraiser within 20 days of receipt of Plaintiff's written demand for appraisal.

Defendant never did so and refused to comply with the policy despite having received proper demand under the policy.

9. Billy Liles submitted a total damage estimate of $147,387.15, however Defendant only paid a total of $29,638.46 after conducting a second inspection on November 17, 2020. Defendant's failure to cover the full loss, and refusal to participate in the appraisal process, constitutes a breach of the insurance policy with Plaintiff.

## COUNT 1 – BREACH OF CONTRACT

10. There existed between Plaintiff and Defendant a valid written contract—the insurance policy. Plaintiff performed on the contract by making the insurance payments required by the policy. Defendant breached the contract by refusing to participate in the appraisal process, misrepresenting the policy in Defendant's objection to Plaintiff's appointed appraiser, and failure to cover the full damage to the Covered Property. Plaintiff suffered damages as a result of Defendant's breach of the policy.

## ATTORNEY FEES

11. Pursuant to Texas Civil Practice and Remedies Code 38.001, Plaintiff seeks to recover from Defendant reasonable attorney fees incurred in the prosecution of this action.

## JURY DEMAND

12. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## AMENDMENT AS A MATTER OF COURSE

13. Plaintiff files this First Amended Complaint pursuant to Rule 15(a)(1)(B). Defendant filed and served its answer in state court on August 18, 2023. Accordingly,

Plaintiff is timely filing this First Amended Complaint within the 21 days required by Rule 15(a)(1)(B).

## PRAYER

13. For these reasons, Plaintiff seeks a judgment against Defendant for the following:

    a. Actual damages;

    b. Attorney fees;

    c. Prejudgment and postjudgment interest;

    d. Court costs;

    e. All other relief to which Plaintiff is entitled.

Respectfully submitted,

LAW OFFICE OF
FRANCISCO J. RODRIGUEZ
1111 West Nolana, Suite A
McAllen, Texas 78504
Telephone: (956) 687-4363
Telecopier: (956) 687-6415

By:/s/ *Jared Clark*
    FRANCISCO J. RODRIGUEZ
    Texas State Bar No. 17145800
    Federal No. 3083
    frankr@mcallenlawfirm.com
    JARED A. CLARK
    Texas State Bar No. 24101626
    Federal No. 3050519
    jared.clark@mcallenlawfirm.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that the above pleading was served on opposing counsel pursuant to the Federal Rules of Civil Procedure on September 6, 2023, to wit:

**VIA ECF E-SERVICE:**

Sarah A. Nicolas
Elizabeth Sandoval Cantu
RAMON WORTHINGTON NICOLAS
& CANTU, PLLC
1506 South Lone Star Way, STE 5
Edinburg, Texas 78539

        */s/ Jared Clark*
        JARED A. CLARK